UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MANUEL WINN,<br><br>                        Plaintiff,<br>   v.<br>JAMES DZURENDA, et al.,<br><br>                        Defendants. | Case No.  2:19-cv-00613-KJD-NJK<br><br>ORDER |

       This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner.  Plaintiff has submitted an application to proceed *in forma pauperis*.  Docket No. 1.  Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this matter.

       The Court entered a screening order on September 17, 2020.  Docket No. 2.  Because the complaint included claims against Nevada State defendants, the Court stayed the case so that Plaintiff could engage in the Court's Inmate Early Mediation Program with the Nevada State Defendants.  *Id.*  The screening also provided that the other defendants could participate in the mediation conference if they wished.  *Id.*  The Office of the Attorney General, as well as certain other defendants have filed status reports indicating that settlement has not been reached and that they intend to proceed with this action.  Docket Nos. 25, 26.

       For the foregoing reasons, **IT IS ORDERED** that:

       1.    Plaintiff's application to proceed *in forma pauperis*, Docket No. 1, is **GRANTED**. Plaintiff shall not be required to pay an initial installment of the filing fee.  In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

       2.    Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. Pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **Manuel Winn, #76106** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

4. As to the Nevada State defendants, Estell, Thompson, Evangelista, Oliver, Nash, Dzurenda, and Mears, The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's complaint, Docket No. 3, on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

5. Service must be perfected no later than April 22, 2021, pursuant to Fed. R. Civ. P. 4(m).

6. Subject to the findings of the screening order, Docket No. 2, no later than February 12, 2021, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the Nevada State defendants for whom it accepts service; (b) the names of the Nevada State defendants for whom it does not accept service, and (c) the names of the Nevada State defendants for whom it is filing the last-known-address information under seal. As to any of the named Nevada State defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

7. If service cannot be accepted for any of the named Nevada State defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the Nevada State

defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

8.      If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint, Docket No. 3, no later than March 23, 2021.

9.      As to the other defendants, Warner, Thomas, Hininger, Marr, Loza, Escolata, Torres, and Grijalva, the Clerk of Court **will issue** summonses for these, **and deliver the same**, to the U.S. Marshal for service. The Clerk also **will send** sufficient copies of the complaint and this order to the U.S. Marshal for service on these Defendant(s).

10.     It is further ordered that the Clerk **will send** to Plaintiff **eight (8)** USM-285 forms. Plaintiff will have until **February 22, 2021** within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to each Defendant on each form.

11.     It is further ordered that within **twenty days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendant(s) were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved Defendant(s), then a motion must be filed with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

12.     Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); LR IC 4-1(b); LR 5-1. However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any

document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

13. This case is no longer stayed.

IT IS SO ORDERED.

DATED: January 22, 2021.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE