UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MANUEL WINN, | Case No. 2:19-cv-00613-KJD-NJK |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| JAMES DZURENDA, *et al.*, | |
| Defendants. | |

Before the Court are Plaintiff's Motion for Temporary Restraining Order (ECF #36) and Motion for Preliminary Injunction (ECF #37). Defendants responded in opposition (ECF #42/43), but Plaintiff did not reply.

I. Factual and Procedural Background

Plaintiff Manuel Winn ("Winn") brought an inmate civil rights action against Defendants pursuant to 42 U.S.C. § 1983. (ECF #3, at 1). The complaint lists seven causes of action stemming from violations of Winn's first, fifth, eighth and fourteenth amendment rights. Id. at 8–25. The causes of action stem from alleged violations of Winn's right to exercise his religion, cruel and unusual punishment, retaliation for filing grievances against Defendants, insufficient access to the law library, and due process violations regarding Winn's transfer to Saguaro Correctional Center. Id.

Winn's motions for injunctive relief allege facts involving a corrections officer who is not named in the original complaint. (ECF #36). Winn alleges that an incident took place as he was returning from the prison's administrative building after completing a telephone conference with Defendants regarding his lawsuit. (ECF #35, at 1). While restrained, Winn entered his housing unit and was met by correction officer H. Shabazz ("Shabazz"). Id. Shabazz grabbed Winn's arm tightly and asked him where he was coming from. Id. Winn told him that he was

coming back from a conference regarding his lawsuit and Shabazz replied, "Oh, your [sic] suing us." Id. Winn did not respond to that statement, and Shabazz asked Winn what cell he was in. Id. After Winn gave him the cell number, Shabazz pulled him in the direction of the cell. Id. When they reached the door of Winn's cell, there was a nurse waiting for him. Id. at 2. With the nurse ready to assist Winn, Shabazz yelled "Face the wall!!! Or I'm goin [sic] to do to you what I really want to do anyway!!!" Id. Winn complied and was frightened because Shabazz allegedly has a reputation for assaulting inmates. Id. The cell door opened, and Winn entered where another officer released his restraints, and the nurse gave him his blood pressure medication. Id. at 3. Winn asks the Court to grant a temporary restraining order, preventing the guards from retaliating against him for filing the lawsuit and requiring Shabazz to stay at least 50 feet away from him during the pendency of the lawsuit. (ECF #36, at 3).

II. Legal Standard

A plaintiff seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The Ninth Circuit uses a "'sliding scale' approach to these factors, according to which 'a stronger showing of one element may offset a weaker showing of another.'" hiQ Labs, Inc. v. LinkedIn Corp., 938 F.3d 985, 992 (9th Cir. 2019) (quoting Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011)). To warrant injunctive relief, there must be "a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." Pac. Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015). If a plaintiff seeks injunctive relief "based on claims not pled in the complaint, the court does not have authority to issue an injunction." Id. at 633.

III. Analysis

Because Winn is a *pro se* plaintiff, the Court will construe his motions for injunctive relief liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers."). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." Jacobsen v. Filler, 790 F.2d 1362, 1362 (9th Cir. 1986). Even with a liberal construction, the Court cannot grant Winn's motion. Winn has not demonstrated that any of the elements required to grant injunctive relief have been met. There is no assertion that Winn is likely to succeed on the merits, that Winn is likely to suffer irreparable harm in the absence of injunctive relief, that the balance of equities tips in his favor, or that the requested relief is in the public interest. The Court, even with a liberal interpretation of the motions, cannot make these arguments for Winn. Because the essential arguments have not been made, the Court denies Winn's motion.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Temporary Restraining Order (ECF #36) is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Preliminary Injunction (ECF #37) is **DENIED**.

Dated this 18th day of May, 2021.

Kent J. Dawson
United States District Judge