UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MANUEL WINN,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES DZURENDA, *et al.*,<br><br>    Defendants. | Case No. 2:19-cv-00613-KJD-NJK<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendants' Motion for Summary Judgment (ECF #49). Plaintiff did not respond to the motion but informed the Court that he had not received a copy of the motion. (ECF #54). On October 13, 2021, the Court ordered that a copy of the motion be sent to Plaintiff and set a response deadline of November 8, 2021. (ECF #55). Plaintiff has not responded or made any filings since.

    I.    <u>Factual and Legal Background</u>

Plaintiff Manuel Winn ("Winn") filed this action after an incident that occurred during his incarceration at High Desert State Prison ("High Desert"). (ECF #3, at 1). Winn brought nine causes of action against defendants from Nevada and Arizona. <u>Id.</u> at 8–28. After screening Winn's *pro se* complaint, the Court permitted some of Winn's claims to proceed and dismissed others. (ECF #2). The Nevada Defendants filed the instant motion seeking summary judgment on three claims: a First Amendment retaliation claim against Defendants Thompson and Evangelista; an Eighth Amendment failure to protect claim against Defendants Estell, Thompson, Evangelista, Oliver, and Nash; and an Eighth Amendment deliberate indifference to a serious medical need claim against Defendants Dzurenda and Meares.[1] (ECF #2, at 23). The

---

[1] Three other claims survived the Court's initial screening, but they are against Arizona defendants who are not involved with the current motion for summary judgment. Many of the Arizona defendants have been dismissed.

claims arise from an incident with Winn's cellmate, David Bloodsaw ("Bloodsaw"), who Winn alleges attacked him without provocation. (ECF #3, at 8). Winn requested protection from Bloodsaw prior to the attack but claims he did not receive it. Id. at 8. Winn alleges that Defendants knew Bloodsaw was dangerous and made Bloodsaw Winn's cellmate in retaliation for the grievances and lawsuits Winn filed against them. Id. at 9. Winn also alleges that Defendants violated his Eight Amendment rights by not protecting him against Bloodsaw. Id. at 10. Winn's other Eighth Amendment claim stems from a large lipoma that Winn has between his shoulder blades. Id. at 20. Winn alleges he was scheduled for surgery to have the lipoma removed and was improperly transferred to Saguaro Correctional Center ("SCC") in Arizona and has not received the medical attention that he requires. Id. at 21. Additionally, Winn argues that he should have been ineligible for transfer to SCC because he had pending grievances and lawsuits against Nevada officials, had a serious medical issue, and was not a dangerous inmate. Id. at 20. Winn did not respond to the motion.

II.     Legal Standard

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

All justifiable inferences must be viewed in the light most favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

III.   Analysis

Three of Winn's causes of action remain against the Nevada defendants: a First Amendment retaliation claim against Thompson and Evangelista; an Eighth Amendment cruel and unusual punishment claim against Estell, Thompson, Evangelista, Oliver, and Nash; and an Eighth Amendment deliberate indifference claim against Dzurenda and Meares. Defendants argue that they are entitled to summary judgment on each of the three claims. Each is analyzed below.

A.   First Amendment Retaliation

The First Amendment rights to file prison grievances and pursue civil rights litigation in the courts is of "fundamental import to prisoners." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). To prevail on a First Amendment retaliation claim, an inmate must prove five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Id. at 567–68.

Winn's claim for retaliation stems from his filing of grievances and lawsuits against Defendants Thompson and Evangelista. Winn argues that because he had filed those lawsuits and grievances, Thompson and Evangelista placed Bloodsaw in his cell and refused Winn's requests to be separated from Bloodsaw after the altercation. Defendants argue that there was no retaliation because there is no evidence that Thompson or Evangelista were involved in deciding to place Bloodsaw in Winn's cell. The evidence shows that neither Thompson nor Evangelista had decision-making power regarding cell placements. The bed-move coordinator, not the correctional officers, determined housing assignments at High Desert. (ECF #49-14, at 3). Because the decision to house Bloodsaw and Winn together was outside of Thompson and Evangelista's control, they did not take an adverse action against Winn because he filed grievances and lawsuits against them. Therefore, the Court grants Thompson and Evangelista summary judgment on the First Amendment retaliation claim.

B.  Eighth Amendment Cruel and Unusual Punishment

The Eighth Amendment requires that prison officials must "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)). More specifically, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Id. at 833 (internal quotations omitted). For claims based on a failure to prevent harm, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. at 834. Prison officials are not to be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

The evidence supports Defendants' argument. The response to Winn's grievance report states that "[y]ou have not supplied any documentation to support your allegations you were in fear for your safety." (ECF #49-9, at 6). It also states that Winn did not have any enemies posted on his enemy list. Id. In denying Winn's grievance, the responder wrote that an "inquiry of incident logs does not reveal any such contact, nor do chronological notes maintained indicate any such contacts" that would support Winn's grievance that he was not sufficiently protected. Id. at 4. To prevail on this Eighth Amendment claim, Winn must show that Defendants were aware that Winn was incarcerated under conditions posing a substantial risk of serious harm. Brennan, 511 U.S. at 834. Because there was no indication that Bloodsaw posed a risk to Winn, he cannot prevail on his Eighth Amendment claim and summary judgment is granted to Defendants.

C.  Eighth Amendment Deliberate Indifference

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an

inmate. Brennan, 511 U.S. at 828. "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

Winn alleges that he has a lipoma the size of a cantaloupe at the base of his neck, between his shoulder blades that causes him severe pain. He alleges that he was scheduled to have surgery to remove the lipoma prior to his transfer from High Desert to SCC. After being transferred, the surgery has not taken place, and Winn's requests and grievances to receive adequate medical treatment have been rejected. Defendants submitted Winn's medical records, which show that Winn was never scheduled for surgery to remove the lipoma. On February 6, 2017, Winn was evaluated by Dr. Manalang. (ECF #51-3, at 2). Dr. Manalang noted that the medical staff would continue to monitor the lipoma and would refer Winn "to general surgery." Id. There is no indication that Winn was ever scheduled for the surgery. Because there was no surgery scheduled prior to Winn's transfer, Dzurenda and Meares were not deliberately indifferent to Winn's serious medical needs by transferring him to SCC. They could not intentionally deny or interfere with a surgery that was not yet scheduled. Instead, medical

personnel were going to continue to monitor the lipoma. A transfer to SCC would not interfere with Winn's medical treatment. Whether Winn has received adequate care while housed at SCC is a different question that was not addressed in this motion for summary judgment. Because Winn was not scheduled for surgery and Dzurenda and Meares did not interfere with his medical treatment by transferring him to SCC, Winn cannot satisfy a deliberate indifference claim and the Court grants summary judgment to the Nevada Defendants.

Winn cannot establish the necessary elements of his First and Eighth Amendment claims. As such, the Court grants summary judgment on counts one and six to the Nevada Defendants.

### D. Dismiss Defendant Escolata

On April 8, 2021, the Court notified Winn of its intent to dismiss the claims against Defendant Escolata pursuant to Federal Rule of Civil Procedure 4(m). (ECF #38). As of that date, Escolata had not been served. Id. The Court set a dismissal deadline for May 8, 2021. Id. There is no indication in the docket that Escolata has been served, the deadline passed long ago, and Winn has made no attempt to show good cause for the failure to serve. Therefore, the Court dismisses the complaint against Defendant Escolata for failure to serve, pursuant to Federal Rule of Civil Procedure 4(m).

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (ECF #49) is **GRANTED**.

IT IS FURTHER ORDERED that Defendants' Motion to Seal (ECF #50) is **GRANTED**.

IT IS FINALLY ORDERED that the claims against Defendant Escolata are **DISMISSED without prejudice** for failure to serve.

Dated this 10th day of March, 2022.

_____
Kent J. Dawson
United States District Judge