UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MANUEL WINN,<br><br>       Plaintiff,<br><br>   v.<br><br>JAMES DZURENDA, et al.,<br><br>       Defendants. | Case No. 2:19-cv-00613-KJD-NJK<br><br>**ORDER – Motion to Reopen** |

Presently before the Court are Plaintiff's pro se motions to reopen (#68/70/71/73), Motion to Reschedule Joint Proposed Pretrial Order (#74), and Motion to Enforce Settlement Agreement (#74). The Court liberally construed these motions as a single motion to reopen.[1] Defendants did not respond in opposition, and the time to do so has passed. Because the Court requires additional briefing on this matter, Plaintiff's motions are deferred until Defendants respond.

I.   Factual and Procedural Background

This matter arises from a complaint filed by Plaintiff, alleging violations of his rights under the First, Fifth, Eight, and Fourteenth Amendments. (#3). A settlement agreement was reached to resolve Plaintiff's claims without need for further litigation. In exchange for agreeing to dismiss his claims, Plaintiff received three non-monetary items: a Norelco shaver, accordion keyboard, and various cosmetic items. (#68, at 8). Following this resolution, the Court granted the parties stipulation to voluntarily dismiss the case with prejudice. (#67). Liberally construed, Plaintiff now argues that Defendants have breached the terms of the settlement agreement and moves for this Court to reopen his case or enforce the settlement agreement. (See #68).

II.   Legal Standard

Under Federal Rule of Civil Procedure 60(b), the Court may relieve a party or its legal

---

[1] Plaintiff's motions were docketed as five separate entries, but the motions are the same. (See #74/73/71/70/68).

representative from a final judgment, order, or proceeding from the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1-6). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. (c)(1).

III.   Analysis

Plaintiff argues that Defendants breached the terms of the settlement agreement by transferring him to a new prison and removing his accordion keyboard. (See #68, at 3). Plaintiff asserts that he did nothing wrong to constitute this transfer and believes Defendants did so to justify removing the keyboard. Id. at 4. As the Court is not aware of the day-to-day operations of the Nevada Department of Corrections, the Court is unable to rule on the merits of Plaintiff's motions until additional briefing is received. Therefore, Plaintiff's motions to reopen are deferred until a response is received.

IV.   Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motions (#68/70/71/73/74) are **DEFERRED** until additional briefing is received.

**IT IS FURTHER ORDERED** that the Clerk of the Court send Defendants' counsel of record a copy of this Order.

//

//

//

**IT IS FURTHER ORDERED** that Defendants have thirty (30) days from this Order in which to respond.

Dated this 29th day of October 2023.

_____
Kent J. Dawson
United States District Judge