UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MANUEL WINN,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>JAMES DZURENDA, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No. 2:19-cv-00613-KJD-NJK<br><br>**ORDER – Denying Motions to Reopen** |

Presently before the Court are Plaintiff's pro se motions to reopen (#68/70/71/73), Motion to Reschedule Joint Proposed Pretrial Order (#74), and Motion to Enforce Settlement Agreement (#74). In a previous Order (#76), the Court liberally construed these motions as a single motion to reopen but deferred its ruling until Defendants filed a response[1]. Subsequently, Defendants filed a response in opposition (#77), to which Plaintiff did not reply, and the time to do so has passed. For the reasons stated below, Plaintiff's motions are denied.

I.　　Factual and Procedural Background

This matter arises from a complaint filed by Plaintiff Manuel Winn ("Winn"), alleging violations of his rights under the First, Fifth, Eight, and Fourteenth Amendments. (#3). After screening Plaintiff's pro se Complaint, the Court permitted some of Winn's claims to proceed and dismissed others. (#2). To avoid further litigation on Winn's remaining claims, the parties agreed to settle the case. In exchange for agreeing to dismiss his claims, Plaintiff received three non-monetary items: (1) one used Norelco shaver; (2) one accordion keyboard; and (3) various cosmetic items from the property room at southern Desert Correctional Center ("SDCC"). (#68, at 8). Following this resolution, the Court granted the parties stipulation to voluntarily dismiss the case with prejudice. (#67).

---

[1] Plaintiff's motions were docketed as five separate entries, but the motions are all the same. (See #74/73/71/70/68).

However, almost a year later, Plaintiff filed this motion, alleging that his keyboard was taken away in violation of the settlement agreement. (#68, at 3). Liberally construed, Plaintiff now seeks relief under Federal Rule of Civil Procedure 60(b) and asks this Court to reopen his case or enforce the settlement agreement.[2] See id.

II.    Analysis

Plaintiff argues that Defendants breached the terms of the settlement agreement by transferring him to a new prison and removing his accordion keyboard. (See #68, at 3). Plaintiff asserts that he did nothing wrong to constitute this transfer and believes Defendants did so to justify removing the keyboard. Id. at 4. Defendants argues in response that (1) Plaintiff has violated Local Rule 7-2 by failing to include points and authorities in his motion(s), (2) Winn has failed to provide a valid reason for why the Court should visit its prior order under FRCP 60(b), and (3) this Court has no jurisdiction to enforce the settlement agreement under Nevada contract law. (#77, at 5-7). The Court agrees with Defendants.

### A. Local Rule 7-2(a)

As a general rule, a document filed pro se is to be liberally construed and held to less stringent standards than formal pleadings by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Nonetheless, "[a]lthough pro se, [Winn] is expected to abide by the rules of the court in which he litigates." Carter v. Comm'r, 784 F.2d 1006, 1008 (9th Cir. 1986). In the District of Nevada, any filed motion "must be supported by a memorandum of points and authorities." LR 7-2(a). Here, Winn has failed to support his motion with a memorandum of points and authorities. (See generally #68). "The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d). Therefore, Plaintiff's failure to file a memorandum of points and authorities in support of his motion constitutes a consent to the denial of the motion under Local Rule 7-2(d).

### B. Federal Rule of Civil Procedure 60(b)

Even when liberally construed, Plaintiff's motion fails to identify any basis, fact, or argument

---

[2] Pro se pleadings are to be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

for which relief should be granted under Federal Rule of Civil Procedure 60(b). (See generally #68). Under FRCP 60(b), the Court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). Winn alleges that Defendants moved him to a new prison in order to breach the settlement agreement and justify removing his keyboard. (#68, at 4). As Plaintiff has not specified the subsection(s) of Rule 60(b) that apply to his motion, the Court liberally construed it as one alleging fraud under 60(b)(3) and one seeking relief under 60(b)(6).

Under Rule 60(b)(3), "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 880 (9th Cir. 2000). Here, Plaintiff's argument does not indicate that his verdict—dismissal with prejudice—was obtained as a result of fraud, misrepresentation, or other misconduct. (See #68). Winn obtained his verdict by agreeing to dismiss his Complaint in exchange for various items, one of them being a keyboard, and he did in fact receive those items. There was no fraud perpetrated on Winn or the Court, and whatever happened to the items after Winn received them is outside the purview of this Court. Therefore, Winn has failed to show by clear and convincing evidence that reconsideration is warranted pursuant to Rule 60(b)(3).

Lastly, Winn is left with Rule 60(b)(6), which allows the Court to relieve a party from a final judgment for any "reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, "Rule 60(b)(6) will not be granted unless the moving party is able to show both injury and circumstances beyond its control prevented timely action to protect its interest." Gardner v. Martino, 563 F.3d 981, 991 (9th Cir. 2009). "Rule 60(b)(6) has been used sparingly as an equitable remedy to

prevent manifest injustice[.]" Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007). Here, there has been no manifest injustice. As stated above, Winn received the exact items discussed in the settlement agreement, and simply losing the keyboard a year later does not equate to "injury and "circumstances" warranting relief from this Court. See Gardner, 563 F.3d at 991. As such, Plaintiff's motion does not succeed under Rule 60(b)(6).

III.   Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motions (#68/70/71/73/74) are **DENIED.**

Dated this 13th day of December 2023.

_____
Kent J. Dawson
United States District Judge